IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MICHAEL ROSAS, #20032-078          §
                                   §
VS.                                §          CIVIL ACTION NO. 4:17cv481
                                   §          CRIMINAL ACTION NO. 4:12cr152(3)
UNITED STATES OF AMERICA           §

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *pro se* Movant Michael Rosa's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  After due consideration and for the reasons stated below, the Court will deny the motion.

## I.  BACKGROUND

Movant pled guilty to conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  On August 5, 2013, United States District Judge Marcia A. Crone sentenced Movant to 144 months' imprisonment.  Movant did not file a direct appeal. On June 28, 2017, Movant filed his § 2255 motion asking for relief based on ineffective assistance of counsel and sentencing issues.  The Government filed a response, asserting Movant's motion is barred by the statute of limitations, to which Movant filed a Reply. On August 27, 2018, this Court reduced Movant's sentence to 121 months' imprisonment pursuant to 18 U.S.C. § 3582( c)(2).

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect.  A one-year statute of limitations was enacted for motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  In general, a movant for collateral relief has one

year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant's final judgment issued on August 5, 2013; thus, his  notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). Because Movant did not file a notice of appeal, his conviction became final for purposes of § 2255 on August 19, 2013. Accordingly, Movant then had one year in which to file the present motion – until August 19, 2014. He did not file it until June 28, 2017 – two years, ten months, and nine days beyond the limitations period. The Fifth Circuit Court of Appeals notes:

> AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (four days late). *See also In re Lewis*, 484 F.3d 793 (5th Cir. 2007) (one day late); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (twenty-one days late), *cert. denied* 531 U.S. 1035 (2000); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (four days late);  *Kiser v. Johnson*,  163 F.3d 326, 328  (5th Cir. 1999)  (two weeks late).

Accordingly, the § 2255 motion is time-barred unless Movant has demonstrated he is entitled to equitable tolling.

The United States Supreme Court confirmed the AEDPA statute of limitations is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). In making this determination, it should be noted the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct

into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).   To obtain the benefit of equitable tolling, Movant must also establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

In response to the Government's answer, Movant filed a Reply on January 4, 2018.  In his Reply, Movant reasserts that he is entitled to a reduction in his sentence.  He does not, however, respond to the timeliness of his motion or assert he is entitled to equitable tolling.  The record shows that on August 27, 2018, this Court reduced Movant's sentence to 121 months' imprisonment pursuant to 18 U.S.C. § 3582( c)(2).   Therefore, to the extent that Movant asks for relief on that basis, such relief has been granted.

In sum, Movant fails to show he timely filed his § 2255 motion.  He  fails to present evidence that he was induced or tricked by his adversary's misconduct, which caused him to untimely file his § 2255 motion.  He fails to show that "rare and extraordinary circumstances" prevented him from timely filing.  *Davis*, 158 F.3d at 810-11.   Movant filed his § 2255 motion two years, ten months, and nine days  beyond the limitations period, and he fails to meet his burden  of proving he is entitled

4

to equitable tolling.  Consequently, the instant § 2255 motion will be denied and dismissed as barred by the AEDPA statute of limitations.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, the Court, nonetheless, addresses whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*;  *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

5

district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

It is therefore **ORDERED** Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**. To the extent Movant requested a reduction in sentence under 18 U.S.C. § 3582, a reduction has been granted; thus, that motion is **DENIED** as **MOOT**. The case is **DISMISSED** with prejudice, and a certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this 25th day of September, 2020.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE